**Pedro SANTIAGO–MELENDEZ,**
**Petitioner**

**v.**

**Commonwealth of PUERTO**
**RICO, Respondent.**

**Civil No. 05–1362 (JAG).**

United States District Court,
D. Puerto Rico.

Dec. 14, 2005.

Jose J. Santos–Mimoso, San Juan, PR, for Plaintiff.

Jose Enrico Valenzuela–Alvarado, Department of Justice, San Juan, PR, for Defendant.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Pending before the Court is a "Petition for Writ of Habeas Corpus," filed by Pedro

Santiago–Melendez ("Santiago–Melendez") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1).

For the reasons set forth below, the Court **DISMISSES** the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 14th, 1997, Santiago–Melendez was sentenced by the Puerto Rico Court of First Instance, Caguas Part ("State Court"), on a charge of attempted robbery and two weapons charges. He was sentenced to a term of six years imprisonment for the attempted robbery charge, to one year imprisonment for one of the weapons charges, and to six months imprisonment for the other weapons charge. All terms were to be served concurrently, and with the benefit of a suspended sentence.

On or about February 13th, 2001, while serving his suspended sentence, Santiago–Melendez was arrested by federal authorities on drug charges. *See USA v. Santiago–Melendez*, Criminal No. 01–056(JAF). On August 8th, 2001, he pleaded guilty to said charges, and sentencing was scheduled for December 13th, 2001.

Meanwhile, on December 7th, 2001, the State Court held a hearing to revoke Santiago–Melendez's suspended sentence privileges, based on his federal conviction. On that same date, the State Court issued a Resolution revoking Santiago–Melendez's suspended sentence, and ordered that he be incarcerated to serve the prison terms originally imposed on March 14th, 1997. This time, the State Court expressly mandated that the prison term was to be served consecutively with that to be imposed by the Federal Court.[3]

On December 13th, 2001, this Court sentenced Santiago–Melendez to sixty-three (63) months imprisonment. However, the Court instructed that the prison term was to be served concurrently with the prison terms imposed by the State Court.

On July 28th, 2004, Santiago–Melendez filed a Motion with the State Court, requesting that the Resolution of December 7th, 2001, be amended to reflect that the state prison term was to be served concurrently with the federal prison term. Specifically, the Motion called the State Court's attention to this Court's ruling that the federal prison term was to be served concurrently with the state's. On September 14th, 2004, the State Court denied Santiago–Melendez's Motion to Amend, and ruled that the Resolution and Order in question clearly stated that the state prison terms were to be served consecutively to any federal prison term which could be imposed.

In January of 2005, Santiago–Melendez moved for reconsideration of the State Court's ruling. His request, however, was denied on March 14th, 2005. Santiago–Melendez did not seek appellate review of this ruling, or any further relief from the Puerto Rico state courts.

---

1. § 2254. State Custody; remedies in federal court

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

2. The Court extracts the relevant facts from the "Petition for Writ of Habeas Corpus." (Docket No. 1).

3. The State Court's Resolution also ordered that two years be credited to Petitioner's sentence. (Docket No. 1, Exhibit # 2).

On April 4th, 2005, Santiago–Melendez filed the present petition for habeas relief, arguing that the State Court's sentence is "contrary to the laws of the United States" as it "effectively displace[s] and preempt[s] the jurisdiction of [this Court] over federal matters before it." He further alleges that the State Court's action is "contrary to common sense because [this Court's] sentence was subsequent to the one imposed by the State Court," and thus only this Court can determine whether its sentence is to be served in a consecutive or concurrent manner.

The Commonwealth of Puerto Rico filed a timely Motion to Dismiss, arguing, *inter alia,* that Santiago–Melendez failed to exhaust all state remedies; namely, bringing his federal claims all the way up to the Puerto Rico Supreme Court. (Docket No. 7 at 7–10).

### STANDARD OF REVIEW

1. *Habeas Corpus Standard*

Habeas Corpus has been defined as a procedural device to subject restraints of liberty to judicial scrutiny. *Peyton v. Rowe,* 391 U.S. 54, 58, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). It is an attack by a person in custody upon the legality of that custody. *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In other words, it allows a person under custody to question his jailer's justification in detaining him, and serves the traditional function of securing his release from illegal custody. *Id.,* at 484.

 However, in recognition of the state court's important role in protecting constitutional rights, a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each an every claim contained within the application. *Rose v. Lundy,* 455 U.S. 509, 518–519, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Adelson v. DiPaola,* 131 F.3d 259, 261 (1st Cir.1997); *Delgado v. Martinez,* 72 F.Supp.2d 2 (D.P.R.1999). Although exhaustion is not a jurisdictional bar to federal habeas review of a state court conviction, it is "the disputatious sentry that patrols the pathways of comity" between the federal and state sovereigns. *Adelson,* 131 F.3d at 261–262; *Nadworny v. Fair,* 872 F.2d 1093, 1096 (1st Cir.1989). Thus, a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of his federal claim. *Picard v. Connor,* 404 U.S. 270, 276–277, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Adelson,* 131 F.3d at 262. To carry this burden, the petitioner must demonstrate that he tendered each claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir.1994).

Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal. *United States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138 (1925); *Adelson,* 131 F.3d at 263.

### DISCUSSION

Santiago–Melendez argues that he exhausted state remedies by filing two motions for reconsideration with the Puerto Rico Court of First Instance, Caguas Part. Moreover, he avers that, pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii),[4] he was not

---

4. § 2254. State Custody; remedies in federal court

. . . . .

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody

obliged to seek review in Puerto Rico's appellate courts inasmuch as "circumstances exist that render such process ineffective to protect [his] rights." (Docket No. 12 at 3). The Court disagrees.

■ A review of the record shows that Santiago–Melendez does not state valid reasons, supported by material evidence, as to why resorting to the Puerto Rico appellate courts would be futile. He plainly argues that his Petition "is more than a challenge to the State Court's judgment," as it seeks to "validate the terms of the judgment imposed by this [Court]." However, Santiago–Melendez does not explain why the state courts are incapable of properly handling that matter. In fact, he does not even argue that, although fruitless, he tried his best to bring forth his arguments before the Puerto Rico appellate courts. *See Adelson,* 131 F.3d at 263. Santiago–Melendez simply concludes, citing no authority, that exhaustion of state remedies in this case is irremediably pointless. The Court, nonetheless, rules that his bare allegations are not sufficient to place him under the purview of 28 U.S.C. § 2254(b)(1)(B)(ii).

### CONCLUSION

Since Santiago–Melendez has not fully exhausted his state remedies with respect to each and every claim contained in his application, as required by 28 U.S.C. § 2254(b)(1), the Court **DISMISSES** the "Petition for Writ of Habeas Corpus".

Judgment shall enter accordingly.

IT IS SO ORDERED.

pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.